914 F.2d 227
 In re SHELBY MOTEL GROUP, INC., Debtor.
SHELBY MOTEL GROUP, INC., Plaintiff-Appellant,
v.
FIRST ALABAMA BANK, an Alabama Banking Corporation, and The
Industrial Development Board of the Town of
Vincent, Alabama, Defendants-Appellees.
 No. 89-7854.
 United States Court of Appeals,
Eleventh Circuit.
 Oct. 10, 1990.
 
 Thomas J. Knight, Anniston, Ala., for plaintiff-appellant.
 Robert H. Adams, Charles L. Denaburg, Walter F. McArdle, Najjar, Denaburg, Meyerson, Zarzaur, Max, Wright & Schwartz, Birmingham, Ala., Wanda D. Devereaux, Montgomery, Ala., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before HATCHETT and CLARK, Circuit Judges, and MORGAN, Senior Circuit Judge.
 CLARK, Circuit Judge:
 
 
 1
 Debtor Shelby Motel Group, Inc. ("Shelby") appeals the district court's order affirming the bankruptcy court's conclusion that Shelby's agreement with the Industrial Development Board of Vincent, Alabama is a lease within the meaning of 11 U.S.C. Sec. 365(d)(4). Finding no relevant distinctions between the circumstances of this case and the circumstances presented in In re Martin Bros. Toolmakers, Inc., 796 F.2d 1435 (11th Cir.1986), we affirm.
 
 
 2
 Shelby argues on appeal that the present case is distinguishable from Martin because provisions in the agreement entitle Shelby to purchase the property for a nominal consideration upon full payment of the bonds plus interest, fees and expenses of the trustee and to purchase portions of the real property for no consideration. Shelby argues that these provisions offer conclusive proof that the agreement is actually a disguised mortgage and that in Martin the right to purchase required more than nominal consideration. In Martin at pages 1439-41, relying in part on In re Becknell & Crace Coal Co. Inc., 761 F.2d 319 (6th Cir.1985), we said: "In this case, for several reasons, we do not reach the stage of analyzing the nature of the transaction from the Bankruptcy Court's pragmatic perspective." (Emphasis added).
 
 
 3
 We went on to discuss the vital role played by the Alabama industrial development statutory scheme. We rejected the notion that the documents created a mortgage instead of a lease because of the part played by the Industrial Development Board in the transaction and because the interest on the bonds was tax exempt in light of the interplay between the Alabama statutory scheme and the federal income statutes.
 
 
 4
 It should be clear from the Martin case, and we emphasize here, that the holding in that case is limited to those transactions involving Alabama Code Sec. 11-54-1 et seq., Acquisition and Development of Lands for Industrial Parks. These cases do not involve typical two-party leases containing an option to purchase.
 
 
 5
 AFFIRMED.